# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LUIS ORLANDO HOGAN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0831-20-0046-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: September 4, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Luis Orlando Hogan</u>, Brooklyn, New York, pro se.

<u>Jane Bancroft</u> and <u>Alison Pastor</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) finding that he was ineligible for a Federal Employees' Retirement System annuity. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

On petition for review, the appellant argues that the agency should be obligated to produce definitive proof that he actually received the deduction refund checks, the administrative judge failed to consider whether the authorization was fraudulent, the bank book he produced corroborates his assertion that he did not deposit a check in the amount of the refund, and there is no evidence that the checks were sent out and received by him. Petition for Review File, Tab 10 at 5-8.

As the administrative judge correctly concluded, OPM is not required to produce definitive proof of an appellant's actual receipt of payment, such as a cancelled Treasury check, when its ability to produce such evidence is impaired by an appellant's lengthy delay in raising his claim of nonpayment. *Sosa v. Office of Personnel Management*, 76 M.S.P.R. 683, 686 (1997); *DeLeon v. Office of Personnel Management*, 49 M.S.P.R. 369, 373 (1991). In such circumstances, the Board has found that OPM's record of an appellant's application for a refund, combined with records reflecting and that it authorized payment, is sufficient to establish that the appellant received the refund. *DeLeon*, 49 M.S.P.R. at 372-73; *Rint v. Office of Personnel Management*, 48 M.S.P.R. 69, 72, *aff'd per curiam*, 950 F.2d 731 (Fed. Cir. 1991) (Table). Such records give rise to an inference that

a refund was made accordingly. *See Danganan v. Office of Personnel Management*, 55 M.S.P.R. 265, 269 (1992) (finding an Individual Retirement Record reflecting the amount of the refund payment was persuasive evidence that the payment was made), *aff'd per curiam*, 19 F.3d 40 (1994) (Table).

Nevertheless, the Board has also held that if an appellant can show that he placed OPM on notice that he did not receive the requested refund within a period of time such that OPM could have ascertained whether the check it mailed was negotiated, he may be able to carry his burden to establish that the refund was not paid. *See Manoharan v. Office of Personnel Management*, 103 M.S.P.R. 159, ¶¶ 16-18 (2006) (distinguishing *DeLeon*, *Rint*, and *Sosa* because the appellants in those appeals waited between 22 and 32 years before bringing their alleged nonreceipt of funds to OPM's attention, while the appellant in *Manoharan* waited less than 4 months). There is nothing in the record indicating that the appellant advised OPM that he had not received the requested refund at any point prior to filing his October 23, 2019 application for a retirement annuity, which was more than 27 years after the second refund was authorized. Regarding the appellant's assertion that the bank account book he provided does not reflect a deposit entry equaling the contribution refund amount, as the administrative judge correctly noted, that information, alone, is insufficient to establish that the appellant did not receive the refund checks. Initial Appeal File (IAF), Tab 39, Initial Decision (ID) at 4. The provided bank records are only for one account, with one bank, covering the period from March 1992 through January 1994. IAF, Tab 33 at 4, 8-10. The fact that this limited set of account records does not reflect a deposit does not mean that the refund was not in fact received and deposited into another account, with another bank, or that the check was not negotiated through other means.

Regarding the appellant's claim that the authorization may have been fraudulent, as the administrative judge observed, the appellant acknowledged that the addresses identified on the two refund applications were his addresses of

record at the time, and that the signatures on each of the forms are in his own handwriting. ID at 3; IAF, Tab 10 at 15, 17. Based on the above, we conclude that the appellant's October 23, 2019 retirement annuity application and his subsequent assertion for the first time that he did not receive the check are insufficient to establish that he did not receive a refund of his retirement contributions. *See Sosa*, 76 M.S.P.R. at 685; *Rint*, 48 M.S.P.R. at 72. Consequently, we find no error in the administrative judge's conclusion that the appellant failed to establish his entitlement to a deferred retirement annuity, based on the determination that he received a refund of his retirement deductions. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be underlined received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.